UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CAMACHO-SALAZAR,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Case No.: 1:14-cv-00344-JLT<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS (Doc. 13)<br><br>ORDER REQUIRING THAT OBJECTIONS BE FILED WITHIN TWENTY-ONE DAYS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE TO CASE |

    Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**PROCEDURAL HISTORY**

    The instant petition was filed on February 18, 2014, in the United States District Court for the Southern District of California. (Doc. 1). On March 10, 2014, the case was transferred to this Court. (Doc. 3).

    The petition alleges that Petitioner is a federal inmate sentenced to a prison term of 27 months by the United States District Court for the Southern District of California. (Doc. 1, p. 2). Petitioner further alleges that he has served over half of his sentence, that he has attained the age of 45, that he has not been convicted of a crime of violence, and that he has not engaged in violent behavior while in

custody. (Id.). Accordingly, Petitioner contends that he has satisfied the pre-requisites of the Non-Violent Offenders Relief Act of 2003, and is therefore entitled to a sentence reduction or modification. (Id.).

On March 12, 2014, Respondent filed the instant motion to dismiss, arguing that the act relied upon by Petitioner, i.e., the Non-Violent Offenders Relief Act of 2003, was never enacted into law and, hence, cannot form the basis for habeas relief. (Doc. 13). More than thirty days has passed since the motion to dismiss was filed, and Petitioner has not filed an opposition to the motion to dismiss or any other response to Respondent's motion.

## DISCUSSION

Normally, the Court would conclude that it lacks habeas jurisdiction to address Petitioner's contention regarding a sentence reduction because such a challenge should be brought in the sentencing court as a motion for reconsideration pursuant to 28 U.S.C. § 2255. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). (A federal court may not entertain an action over which it has no jurisdiction.) Indeed, a federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677

(9th Cir. 1990). In this case, the petition was originally filed in the sentencing court, i.e., the Southern District of California, which construed the pleading as a challenge to the manner, location, or conditions of Petitioner's sentence because he was seeking placement in a half-way house. (Doc. 3, p. 1). Accordingly, the Southern District transferred the case to this Court.

Assuming, without deciding, that the Southern District was correct that this petition challenges the execution of Petitioner's sentence, the petition fails to state a cognizable claim for habeas relief since the basis for Petitioner's claim of entitlement to a sentence reduction, i.e., the Non-Violent Offenders Relief Act of 2003, was never passed by Congress nor signed by the U.S. President, and thus, has no legal force or effect.

The Federal Prison Bureau Nonviolent Offender Relief Act of 2003 is not a validly enacted federal law, but a bill upon which neither house of the U.S. Congress ever voted. Federal Prison Bureau Nonviolent Offender Relief Act of 2003, H.R 3575, 108th Cong. (2003). Similar bills have been presented in subsequent sessions of Congress and none of these have received a full vote by either the House of Representatives or the Senate. See Federal Prison Bureau Nonviolent Offender Relief Act of 2005, H.R. 256, 109th Cong. (2005); Federal Prison Bureau Nonviolent Offender Relief Act of 2007, H.R. 261, 110th Cong. (2007); Federal Prison Bureau Nonviolent Offender Relief Act of 2009, H.R. 61, 111th Cong. (2009); Federal Prison Bureau Nonviolent Offender Relief Act of 2011, H.R 223, 112th Cong. (2011). The current iteration of that bill, H.R. 62, was, as Respondent correctly argued, introduced on January 3, 2013, and is presently pending in the United States House of Representatives. To date, the present version of the bill has not been passed by either house of Congress, let alone signed by the President of the United States.

As Respondent correctly argues, pending legislation provides no basis for the modification of a sentence. Only laws that have "passed the House of Representatives and the Senate" and approved by the President of the United States are "laws of the United States" made pursuant to the United States Constitution. U.S. Const. art. I, § 7; U.S. Const. art. VI. In exercising its legislative authority, "Congress has imposed stringent limitations on the authority of courts to modify sentences, and courts must abide by those strict confines." United States v. Thomas, 135 F.3d 873, 876 (2d Cir.1998). Congress has permitted the district courts to modify a sentence upon the motion of the Director of the

Bureau of Prisons, 18 U.S.C. § 3582(c)(1)(A) (2009), or when authorized either by federal statute or Rule 35 of the Federal Rules of Criminal Procedure, id. § 3582(c)(1)(B).

However, no statute grants to the district courts the authority to modify a sentence on the grounds cited by Petitioner, i.e., proposed legislation that has never been enacted into law. Accordingly, as numerous other district courts have already concluded, the Court lacks jurisdiction to proceed upon the claim presented in the petition.  See, e.g., United States v. Lara-Nausa, 2011 WL 2610559, (June 21, 2011 S.D.N.Y.) *1; United States v. Barranco-Flores, 2012 WL 715238 (Mar. 6, 2012 D.Az.) *1; United States v. Velasco, 2009 WL 3424187 (Oct. 23, 2009 N.D.Ok.) *1; United States v. Arguijo-Cervantes, 2010 WL 519853 (Feb. 10, 2010 E.D. Wis.) *1; United States v. Shepard, 2012 WL 827323 (Mar. 12, 2012 D. Az.), *1.  Hence, the Court will recommend that the petition be dismissed for lack of jurisdiction.

**ORDER**

The Court HEREBY DIRECTS the Clerk of the Court to assign a United States District Judge to this case.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that Respondent's motion to dismiss (Doc. 13), be granted and the petition be dismissed for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one (21) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

///

///

The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     **May 6, 2014**                             /s/ Jennifer L. Thurston
                                                      UNITED STATES MAGISTRATE JUDGE